UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SUNSET VIEW RENTON OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

Plaintiff Sunset View Renton Owners Association (the "Association") alleges as follows:

## I.     INTRODUCTION

1.1     This is an action for declaratory judgment and money damages seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association by Defendant State Farm Fire and Casualty Company ("State Farm"). The Association is seeking a ruling that: (1) State Farm's policies provide coverage for the hidden damage at the Sunset View Condominium; and (2) State Farm is liable for money damages for the cost of investigating and repairing hidden damage at the at the Sunset View Condominium complex.

(B)     Damages for breach of contract, bad faith and violations of the Consumer Protection Act ("CPA").

(C)     Attorneys' fees and costs (including expert witness fees).

(D)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Renton, Washington. The Association is organized under the laws of the State of Washington. The Association has the duty to maintain the common elements and any limited common elements of the Sunset View Condominium for the common enjoyment of the unit owners. The Sunset View Condominium consists of four buildings with forty-three (43) residential units located Renton, King County, Washington.

2.2     <u>State Farm.</u>  State Farm is incorporated in Illinois with its principal place of business located in Bloomington, Illinois.  State Farm is registered and authorized to sell insurance in the State of Washington. State Farm sold a property insurance policy(s) to the Association including Policy No. 98-05-2895-01 in effect from at least June 15, 1991 to June 15, 1999. The Association is seeking coverage against all State Farm policies issued to the Association.

2.3     <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Sunset View Condominium as covered property.

2.4     <u>Sunset View Insurers</u>.  State Farm and Doe Insurance Companies 1–10 shall be collectively referred to as the "Sunset View Insurers."

2.5     <u>Sunset View Policies</u>. The policies issued to the Association by the Sunset View Insurers shall be collectively referred to as the "Sunset View Policies."

## III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in

controversy exceeds $75,000. The Association's expert has determined that it will cost well over $75,000 to repair covered damage at the Sunset View Condominium complex.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as Sunset View Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim occurred in King County; and the insured condominium buildings are located in King County.

## IV.    FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to State Farm</u>.  On August 23, 2021, the Association tendered its claim to Nationwide for recently discovered hidden damage at the Sunset View condominium complex.

4.3     <u>Investigation.</u> The Association hired an investigative firm, Evolution Architecture ("Evolution"), to investigate the extent of damage at the Sunset View condominium complex. Subsequent to the claims tender, Evolution in conjunction with Nationwide's consultants performed a Joint Intrusive Investigation at the Sunset View condominium complex. This investigation revealed extensive hidden damage to sheathing, framing, and weather resistive barrier throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage at the Sunset View condominium complex exceeds the jurisdictional limit of $75,000.

4.4     <u>State Farm's Denial.</u> On June 2, 2023, State Farm unreasonably denied the Association's claim.

## V.    FIRST CLAIM AGAINST THE SUNSET VIEW INSURERS FOR A DECLARATORY JUDGMENT THAT THE SUNSET VIEW POLICIES PROVIDE COVERAGE

5.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2     Declaratory Relief. An actual, present and justiciable controversy has arisen between the Association and the Sunset View Insurers regarding the interpretation of their policies. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     That the Sunset View Policies cover the hidden damage at the Sunset View Condominium complex including, but not limited to, the weather resistive barrier ("WRB"), sheathing, and framing.

(B)     No exclusions, conditions, or limitations bar coverage under the Sunset View Policies.

(C)     That the loss or damage to the Sunset View Condominium complex was incremental and progressive. New damage commenced during each year of the Sunset View Policies.

(D)     As a result, the Sunset View Policies cover the cost of investigating and repairing the exterior WRB, sheathing, and framing at the Sunset View Condominium complex.

## VI.     SECOND CLAIM: AGAINST STATE FARM FOR BREACH OF CONTRACT

6.1     Incorporation.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     State Farm has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Sunset View Condominium complex.

6.3      State Farm breached its contractual duties by wrongfully denying coverage on June 2, 2023, and by failing to pay the cost of repairing the covered damage to the Sunset View Condominium complex.

6.4      As a direct and proximate result of State Farm's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     Additional Damages. As a direct and proximate result of State Farm's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs,

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PKWY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII. THIRD CLAIM: AGAINST STATE FARM FOR INSURANCE BAD FAITH

7.1     <u>Incorporation by Reference.</u> The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     State Farm had a duty to investigate, evaluate, and decide the Association's claim in good faith. State Farm breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Sunset View Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when rain is an efficient proximate cause of the loss; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the State Farm policy pursuant to the plain meaning of the terms.

COMPLAINT FOR DECLARATORY RELIEF,  
BREACH OF CONTRACT, BAD FAITH,  
CONSUMER PROTECTION ACT VIOLATIONS,  
AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC  
16400 SOUTHCENTER PKWY., SUITE 410  
TUKWILA, WA 98188  
PHONE 206.388.0660 FAX 206.286.2660

7.5    Furthermore, State Farm violated multiple Washington claim handling standards set forth below, which is a breach of the duty of good faith, an unfair method of competition, an unfair and deceptive act or practice in the business of insurance, and a breach of the insurance contract. State Farm violated Washington claim handling standards by:

- Failing to construe ambiguities in facts, law, or policy language in favor of coverage;
- Refusing to pay the Association's claims without conducting a reasonable investigation;
- Failing to be impartial and to treat the interests of its insured as equal to its own without placing too much emphasis on State Farm's interests;
- Failing to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

7.6    State Farm's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of State Farm's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII. FOURTH CLAIM: AGAINST STATE FARM FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1    The Association re-alleges and incorporates by reference Paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2    Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, the conduct of State Farm was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of State Farm's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

### IX.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1     Declaratory Judgment Regarding Coverage.  A declaratory judgment that the Sunset View Policies provide coverage as described herein.

9.2     Money Damages. For money damages against the Sunset View Insurers in an amount to be proven at trial.

9.3     Attorneys' Fees and Costs of Suit. For reasonable attorneys' fees and costs (including expert fees) against State Farm. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4     CPA Penalties.  For CPA penalties against State Farm of up to $25,000 per violation.

9.5     Other Relief.  For such other and further relief as the Court deems just and equitable.

## X.     DEMAND FOR JURY TRIAL

10.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 21st day of August, 2023.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739
/s/ *Cortney M . Feniello*
Cortney M. Feniello, WSBA #57352
16400 Southcenter Pkwy, Suite 410
Tukwila, WA 98188
Email: jstein@condodefects.com
          justin@condodefects.com
          dstein@condodefects.com
          cfeniello@condodefects.com
Telephone: (206) 388-0660

***Attorneys for Plaintiff***